# OMAHA ELECTRIC LIGHT AND POWER CO. *v.* CITY OF OMAHA.

### APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 162.  Motion to dismiss or affirm submitted October 23, ·1911, and postponed to the hearing on the merits.  Argued February 27, 28, 1913.  Reargued April 10, 11, 1913.—Decided June 16, 1913.

As a basis of jurisdiction of the Circuit Court it is not enough that recovery might be sought upon a constitutional ground; it must clearly appear that it is .actually so sought.

Where diverse citizenship exists and the complainant plants its right to relief on the doctrine of estoppel, the case is not one arising under the Constitution of the United States, even though recovery might have been sought on the ground of impairment of the contract, and the judgment of the Circuit Court of Appeals is final.

Appeal from 179 Fed. Rep. 455, dismissed.

THE facts, which involve the jurisdiction of this court of appeals from the Circuit Court of Appeals under the Judiciary Act of 1891, are stated in the opinion.

*Mr. Frank Crawford, Mr. John A. Rine, Mr. William C. Lambert, Mr. Benjamin S. Baker, Mr. I. J. Dunn* and *Mr. L. J. TePoel,* for appellees, in support of motion to dismiss or affirm.

*Mr. Lodowick F. Crofoot* and *Mr. Edgar H. Scott* for appellant, in opposition thereto.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

The facts out of which this suit arose are fully set forth in *Old Colony Trust Co.* v. *Omaha, ante,* p. 100, and need

not be repeated here. The Electric Company brought
the suit in the Circuit Court, against the city and its
electrician, to enjoin the threatened disconnection, pur-
suant to the resolution of 1908, of the company's wires
used in supplying its patrons with electric current for
power and heating purposes. There was a decree for the
defendants, 172 Fed. Rep. 494, which was affirmed by
the Circuit Court of Appeals, 179 Fed. Rep. 455, and a
further appeal brought the case here.

Our jurisdiction is challenged, by a motion to dismiss,
on the ground that the decision of the Circuit Court of
Appeals is final. The motion is well taken if the juris-
diction of the Circuit Court was invoked solely on the
ground of diverse citizenship. Act of March 3, 1891,
26 Stat. 826, c. 517, § 6; Judicial Code, § 128. That it
was invoked on that ground is conceded, so it is necessary
to inquire whether, as is asserted in opposition to the
motion, it was also invoked upon the ground that the
suit was one arising under the Constitution of the United
States. This must be determined from the plaintiff's
statement of its own cause of action as set forth in the
bill, regardless of questions that may have been subse-
quently brought into the suit. *Shulthis* v. *McDougal*,
225 U. S. 561, 569; *Denver* v. *New York Trust Co.*, 229
U. S. 123.

Briefly described, the bill set forth the adoption by
the city council of the franchise ordinance of 1884, its
acceptance by the Thompson Company, the construction
and installation of the electric plant, the transfer of the
plant and franchise to the Electric Company in 1903,
the business done by the two companies in supplying
current for power and heating, as well as for lighting,
purposes, the enlargement and improvement of the plant
from time to time to meet the increasing demand for cur-
rent for those purposes, the city's acquiescence in and
encouragement and sanction of all this with knowledge

that it was done under a claim of right under the franchise ordinance, the exaction by the city of three per cent. of the gross earning, including those from current supplied for power and heat, the adoption of the resolution of 1908, and the threatened disconnection thereunder of all wires used for transmitting current for power and heating purposes. The bill further charged that in what was done prior to the resolution the city and the two companies had treated the franchise as including the right to use the streets in transmitting current for power and heat; that upon the faith of this practical construction the plaintiff had expended large sums of money in developing and equipping its plant according to approved modern standards; and that the interference with its wires and business which was threatened by reason of the changed attitude of the city would result in great and irreparable loss and damage to the plaintiff.

The relief sought was a perpetual injunction restraining the defendants from disconnecting the plaintiff's wires or interfering with or impeding its business as theretofore conducted. There was no prayer that the resolution be pronounced void, nor any allegation that it impaired the franchise contract or would operate to deprive the plaintiff of its property without due process of law, nor any reference to the Constitution of the United States, or any of its provisions, nor even a general statement that a constitutional right was being or about to be infringed.

Tested by the recognized standard, we think the bill did not state a case arising under the Constitution. It did not show, either in terms or by necessary intendment, that the plaintiff was asserting a right, privilege or immunity under the Constitution or was in anywise invoking its protection. For anything that appeared the plaintiff was planting its right to relief entirely upon the doctrine of estoppel. As a basis of jurisdiction, it is not enough that recovery might be sought upon a constitutional

ground, for it must clearly appear that it is actually so sought. *Crowell* v. *Randell*, 10 Pet. 368, 392; *Hanford* v. *Davies*, 163 U. S. 273, 280.

It being thus apparent that diverse citizenship was the sole ground upon which the jurisdiction of the Circuit Court was invoked, it follows that the decision of the Circuit Court of Appeals was final. *Spencer* v. *Duplan Silk Co.*, 191 U. S. 526; *Bankers Casualty Co.* v. *Minneapolis &c. Railway Co.*, 192 U. S. 371; *Shulthis* v. *McDougal, supra; Lovell* v. *Newman*, 227 U. S. 412; *Denver* v. *New York Trust Co., supra.*

*Appeal dismissed.*


Mr. JUSTICE HOLMES took no part in the consideration and decision of this case.