## In re GALOUZIS.
### No. 22561.

District Court, W. D. New York.
March 1, 1935.

Charles F. Johns, in pro. per.

KNIGHT, District Judge.

Motion is made by a judgment creditor of the bankrupt to set aside the sale of the assets which was conducted at the first meeting of creditors. The notice of the meeting provided that the meeting should be held on the 3d day of January, 1935, "at which time, creditors may appear, file and prove their claims, examine the bankrupt, appoint a Trustee including consideration of the sale of the assets and if ordered, attend said sale at such time and place as may then be fixed and transact such other business as shall be properly presented."

The moving creditor was present in person at the meeting and objected to the sale on the ground that the sheriff had previously levied on the property under execution. No objection was raised in regard to the sufficiency of the notice of sale. It is now asserted that there was no notice to creditors of the proposed sale or compliance with the provision for notice set forth in section 58 of the Bankruptcy Act, 11 USCA § 94, and that such failure to give notice of the sale was an irregularity and resulted in a gross discrepancy between the appraised value of the assets and the amount realized by the sale.

Petitioner asserts that until shortly before the filing of the petition he had no knowledge of the appraisal, which was ordered by the referee prior to the first meeting of creditors, and believes that a resale of the property after due notice will result in the realization of a much larger amount.

General Order in Bankruptcy 18, 11 USCA § 53, provides that all sales shall be by public auction unless otherwise ordered by the court. A notice of sale similar to that set forth above was held insufficient as a notice of sale at public auction of the bankrupt's property in Re Lake Champlain Pulp & Paper Corporation (D. C.) 20 F.(2d) 425, citing In re Nevada-Utah Mines & Smelters Corporation (C. C. A.) 202 F. 126, for the reasons that it was not addressed to the public, it did not describe the property to be sold, nor did it specify the time and place of sale. Jurisdiction to conduct the sale was lacking, and the sale must be set aside.