**HOUSTON INDEPENDENT SCHOOL DISTRICT et al., Appellants,**

**v.**

**Delois ROSS, a Minor, by her mother and next friend, Mary Alice Benjamin et al., Appellees.**

**No. 18528.**

United States Court of Appeals
Fifth Circuit.

Sept. 6, 1960.

---

Joe H. Reynolds, J. S. Bracewell, Houston, Tex., for appellants.

Thurgood Marshall, New York City, Weldon H. Berry, Houston, Tex., for appellees.

Before RIVES, Chief Judge, and JONES and WISDOM, Circuit Judges.

PER CURIAM.

The original complaint praying for a desegregation of the public schools operated by the Houston Independent School District was filed on December 26, 1956. On October 15, 1957 the district court entered a judgment restraining and enjoining the defendants, Houston Independent School District, its officers and members and the Superintendent of the public schools of said district and their successors in office from requiring segregation of the races in any school under their supervision from and after such time as may be necessary to make arrangements for admission of children to such schools on a racially non-discriminatory basis with all deliberate speed as required by the decision of the Supreme Court of the United States in Brown v. Board of Education of Topeka, 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083. That judgment was accompanied by a full opinion incorporating the findings of fact and conclusions of law of the district court.

On June 30, 1959, on the plaintiff's motion for further relief, the district court entered an order requiring the defendant Houston Independent School District on or before August 17, 1959 to file under oath with the Clerk of the Court statements showing the steps taken looking to a compliance with the decree of October 15, 1957 and to file at that time the plan or program, if any, it has adopted looking to a full compliance with such order. On May 13, 1960 the court denied the defendant's motion for extension of time. On June 1, 1960 the Houston Independent School District filed what it called its plan of desegregation providing for the admission to its schools of all the scholastics within said district on a racially non-discriminatory basis, the said plan being to commence in September 1961 a voluntary integration permitting one elementary school, one junior high school, and one senior high school to become integrated. On August 3, 1960 the district court found that said plan does not constitute a good faith attempt at compliance with the previous orders of the court but is a palpable sham and subterfuge designed only to accomplish further evasion and delay, and thereupon entered an order that at the opening of the regular school term in September 1960 the public schools of the Houston Independent School District will be desegregated as described in said order. On August 12, 1960 the district court entered an order clarifying its order of August 3, 1960 with respect to desegregation of the schools. This appeal is prosecuted from the last mentioned order entered on August 12, 1960.

We find ourselves in agreement with the reasoning of the court as expressed in its opinion of October 15, 1957 and its subsequent orders, and we find no reversible error in the record. The judgment appealed from is therefore

Affirmed.