364 U.S. 500
 81 S.Ct. 260
 5 L.Ed.2d 245
 UNITED STATES of America,
v.
STATE OF LOUISIANA et al.
Earl Benjamin BUSH et al.,
v.
ORLEANS PARISH SCHOOL BOARD et al.
Harry K. WILLIAMS et al.,
v.
Jimmie H. DAVIS et al.
 Decided December 12, 1960
 
 1
 Jack P. F. Gremillion, Atty. Gen. of La., for State of Louisiana and others. W. Scott Wilkinson and Thompson Clarke, for Legislature of Louisiana and others. Solicitor General Rankin, for the United States. Robert G. Polack, Peter H. Beer, William M. Campbell, Jr. and Ralph N. Jackson, for Orleans Parish School Board and others, in opposition. Thurgood Marshall, Constance Baker Motley and A. P. Tureaud, for Bush and others, in opposition.
 
 
 2
 PER CURIAM. These are motions for stay of an injunction by a three-judge District Court which nullified a series of enactments of the State of Louisiana. The scope of these enactments and the basis on which they were found in conflict withthe Constitution of the United States are not matters of doubt. The nub of the decision of the three-judge court is this: 'The conclusion is clear that interposition is not a constitutional doctrine. If taken seriously, it is illegal defiance of constitutional authority.' Bush v. Orleans Parish School Board (United States v. State of Louisiana), D.C., 188 F.Supp. 916, 926. The main basis for challenging this ruling is that the State of Louisiana 'has interposed itself in the field of public education over which it has exclusive control.' This objection is without substance, as we held, upon full consideration, in Cooper v. Aaron, 358 U.S. 1, 78 S.Ct. 1401, 3 L.Ed.2d 5. The others are likewise without merit. Accordingly, the motions for stay are denied. U.S. v. States of La., Tex., Miss., Ala., and Fla. [81SCt258,364US502,5LEd2d247] 81 S.Ct. 258 364 U.S. 502 5 L.Ed.2d 247 UNITED STATES of America, Plaintiff, v. STATES OF LOUISIANA, TEXAS, MISSISSIPPI, ALABAMA and FLORIDA.
 
 
 3
 No. 10, Original.
 
 
 4
 Decided Dec. 12, 1960.
 
 
 5
 Final Decree.
 
 
 6
 This cause having come on to be heard on the motion of the plaintiff for judgment and to dismiss the cross-bill of the State of Alabama, and having been argued by counsel, and this Court having stated its conclusions in its opinions announced on May 31, 1960, 363 U.S. 1, 121, 80 S.Ct. 961, 4 L.Ed.2d 1025, 1096, and having considered the positions of the respective parties as to the terms of this decree, it is ordered, adjudged and decreed as follows:
 
 
 7
 1. As against the respective defendant States, the United States is entitled to all the lands, minerals and other natural resources underlying the Gulf of Mexico more than three geographic miles seaward from the coast lines of Louisiana, Mississippi and Alabama, and more than three leagues seaward from the coast lines of Texas and Florida, and extending seaward to the edge of the Continental Shelf. None of the States of Louisiana, Texas, Mississippi, Alabama or Florida is entitled to any interest in such lands, minerals or resources, and each of said States, their privies, assigns, lessees and other persons claiming under any of them are hereby enjoined from interfering with the rights of the United States in such lands, minerals and resources. As used in this decree, the term 'coast line' means the line of ordinary low water along that portion of the coast which is in direct contact with the open sea and the line marking the seaward limit of inland waters.
 
 
 8
 2. As against the United States, the defendant States are respectively entitled to all the lands, minerals and other natural resources underlying the Gulf of Mexico, extending seaward from their coast lines for a distance of three leagues in the case of Texas and Florida and three geographic miles in the case of Louisiana, Mississippi and Alabama, and the United States is not entitled, as against any of such States, to any interest in such lands, minerals or resources, with the exceptions provided by § 5 of the Submerged Lands Act, 43 U.S.C. § 1313, 43 U.S.C.A. § 1313.
 
 
 9
 3. Whenever the location of the coast line of any of the defendant States shall be agreed upon or determined, such State shall thereupon promptly render to the United States a true, full, accurate and appropriate account of any and all sums of money derived by such State since June 5, 1950, either by sale, leasing, licensing, exploitation or otherwise from or on account of any of the lands or resources described in paragraph 1 hereof which lie opposite to such coast line so agreed upon or determined, and, after said account has been rendered and filed with and approved by the Court, shall promptly pay to the United States a sum equal to such amounts shown by said account as so derived by said State; provided, however, that as to the State of Louisiana the allocation, withdrawal and payment of any funds now impounded under the Interim Agreement between the United States and the State of Louisiana, dated October 12, 1956, shall, subject to the terms hereof, be made in accordance with the appropriate provisions of said Agreement.
 
 
 10
 4. The cross-bill of the State of Alabama is dismissed.
 
 
 11
 5. All motions to take depositions and present evidence are denied without prejudice to their renewal in such further proceedings as may be had in connection with matters left open by this decree.
 
 
 12
 6. The motion of the State of Texas for severance is dismissed.
 
 
 13
 7. The motion of the State of Louisiana to transfer the case to a district court is denied.
 
 
 14
 8. Jurisdiction is reserved by this Court to entertain such further proceedings, enter such orders and issue such writs as may from time to time be deemed necessary or advisable to give proper force and effect to this decree.
 
 
 15
 The Chief Justice and Mr. Justice CLARK took no part in the formulation of this decree.