306 F.2d 374
 James H. MEREDITH, on behalf of himself and others similarly
situated, Appellant,
v.
Charles Dickson FAIR, President of the Board of Trustees of
the State Institutions of Higher Learning, et al.,
Appellees.
 No. 19475.
 United States Court of Appeals Fifth Circuit.
 July 27, 1962.
 
 Mrs. C. B. Motley, New York City, R. Jess Brown, Vicksburg, Miss., for appellant.
 Chas. Clark, Dugas Shands, Asst. Atty. Gen., Joe T. Patterson, Atty. Gen., Jackson, Miss., for appellees.
 Before BROWN and WISDOM, Circuit Judges, and DeVANE, District Judge.
 WISDOM, Circuit Judge.
 
 
 1
 In this case time is now of the quintessence. Time has been of the essence since January 1961 when James Meredith, in the middle of his junior year at Jackson State College (for Negroes), applied for admission to the University of Mississippi.
 
 
 2
 This Court heard three appeals of the case. In our opinion on the last appeal, 305 F.2d 341, we concluded:
 
 
 3
 '* * * From the moment the defendants discovered Meredith was a Negro they engaged in a carefully calculated campaign of delay, harassment, and masterly inactivity. It was a defense designed to discourage and to defeat by evasive tactics which would have been a credit to Quintus Fabius Maximus. * * * We see no valid, non-discriminatory reason for the University's not accepting Meredith. Instead, we see a well-defined pattern of delays and frustrations, part of a Fabian policy of worrying the enemy into defeat while time worked for the defenders.'
 
 
 4
 Chronology highlights this case. June 25, 1962, this Court reversed the district court and remanded the case with instructions that the district court grant the injunction prayed for in the complaint. 305 F.2d 343. Rule 32 of the Rules of the Fifth Circuit, in part, reads:
 
 
 5
 'Mandate shall issue at any time after twenty-one days from the date of the decision, unless an application for rehearing has been granted or is pending. If such application is denied the mandate will be stayed for a further period of ten days. No further stay will be granted unless applied for within the delay given above. A mandate once issued will not be recalled except by the court and to prevent injustice.'
 
 
 6
 During the twnety-one day period the defendants did not apply to this Court for a rehearing or for a stay of mandate. July 17 the mandate went down. Bright and early July 18, the attorney for the defendant presented to the Clerk for filing an order staying 'the execution and enforcement of the mandate'. The order, dated July 18 at Meridian, Mississippi, was signed by the Honorable Ben F. Cameron United States Circuit Judge. Judge Cameron was not a member of the Court which heard any of Meredith's appeals. The Court which determined the cause was composed of Circuit Judges Brown and Wisdom and District Judges Brown and Wisdom and July 19 the Clerk, acting under instructions from this Court, telegraphed the parties through their counsel, requesting that they exchange and file, within five days, 'statements of their positions with memorandum briefs for or against the granting of any stays, including the vacating of the stay entered by Judge Cameron, the issuance by this Court of injunctions pending further appeal, or other appropriate action.' The Court has now received and considered the statements and their supporting briefs.
 
 
 7
 It is unnecessary to decide whether a judge who is not a member of the Court determining the cause is or is not 'a judge of the court rendering the judgment or decree' within the meaning of 28 U.S.C.A. 2101(f). Cf. Application of Chessman, 1954, 43 Cal.2d 391, 408, 274 P.2d 645.
 
 
 8
 The Court is bigger than a single judge. Assuming, but without deciding, that Judge Cameron is indeed a judge of 'the court rendering the judgment', we hold that the court determining the cause has inherent power to review the action of the single judge, whether or not the single judge is a member of the panel. Rosenberg v. United States, 1953, 346 U.S. 273, 73 S.Ct. 1152, 97 L.Ed. 1607, reconsideration denied, 346 U.S. 324, 73 S.Ct. 1178, 97 L.Ed. 1634, reconsideration denied, 346 U.S. 324, 73 S.Ct. 1178, 97 L.Ed. 1634. A contrary position would allow a judge in the minority, were he a member of the panel deciding the case, to frustrate the mandate of the majority. And, it is unthinkable that a judge who was not a member of the panel should be allowed to frustrate the mandate of the Court.
 
 
 9
 All of the members of this Court agree that when a mandate has been issued, it is logically and legally too late to stay it. Unless the Court should recall the mandate, the Court's control over the judgment below comes to an end after the mandate has been issued. That is the plain meaning of Rule 32. The authorities fully supported the rule. Omaha Electric Light & Power Co. v. City of Omaha, 8 Cir., 216 F. 848, setting aside on rehearing decree in 179 F. 455, which aff'd 172 F. 494, appeal dismissed 230 U.S. 123, 33 S.Ct. 974, 57 L.Ed. 1419; in re Nevada-Utah Mines & Smelters Corp., 204 F. 982, denying rehearing 2 Cir., 202 F. 126. For this reason the purported stay is vacated and set aside.
 
 
 10
 Judge Brown and Judge Wisdom are also of the opinion that even if the law should give residual control to an apellate court over an issued mandate broad enough to support a stay in exceptional cases, here the stay order should be vacated and set aside on the ground that it was improvidently granted.
 
 
 11
 Judge Cameron did not sit on this case. He did not have the opportunity of a sitting judge to study the record, to hear the argument, to discuss the facts and the law in judges' conference on the case.
 
 
 12
 This is not a Chessman case. It is not a Rosenberg case. It is not a matter of life or death to the University of Mississippi. Texas University, the University of Georgia, Louisiana State University, the University of Virginia, other Southern universities are not shriveling up because of the admission of Negroes. There was no emergency requiring prompt action by a single judge. Apparently, however, there was a studied decision by the applicants' attorney not to ask the Court for a rehearing or for a stay.
 
 
 13
 In the matter of stays, this Court is not all in the position of the Supreme Court. The Supreme Court, as the final arbiter of the ultimate answer to any question sought to be preserved by a stay, has greater latitude than the inferior appellate courts. Courts of Appeal have disciplined themselves to take a restricted view of the propriety of issuing stays. When time is of the essence to the successful party in the Court of Appeals, a stay should be predicated upon a doubtful question of law unresolved by earlier court decisions and there should be a reasonable likelihood of the Supreme Court finally deciding in favor of the applicant for a stay. See Rule 32 of the Rules of the Fifth Circuit Court of Appeals, 28 U.S.C.A. As recently as October 26, 1961, The Fifth Circuit, sitting as a Court, following a meeting of the Judicial Council, with only Judge Hutcheson absent, rendered the following order:
 
 
 14
 'Stays of Mandates of the Court after the denial of a motion for rehearing are to be cautiously granted to avoid situations such as where the applicant was the losing party in the trial court and there has been no grant of supersedeas.'
 
 
 15
 Chief Justice Taft, in Magnum Import Co. v. Coty, 1923, 262 U.S. 159, 164, 43 S.Ct. 531, 533, 67 L.Ed. 922, established guidelines for granting stays which have withstood the years:
 
 
 16
 'The petition should, in the first instance, be made to the Circuit Court of Appeals which with its complete knowledge of the cases may with full consideration promptly pass on it. That court is in a position to judge first whether the case is one likely, under our practice to be taken up by us on certiorari, and second, whether the balance of convenience requires a suspension of its decree and a withholding of its mandate. It involves no disrespect to this Court for the Circuit Court of Appeals to refuse to withhold its mandate or to suspend the operation of its judgment or decree pending application for certiorari to us. If it thinks a question involved should be ruled upon by this Court, it may certify it. If it does not certify, it may still consider that the case is one in which a certiorari may properly issue, and may in its discretion facilitate the application by withholding the mandate or suspending its decree. This is a matter, however, wholly within its discretion. If it refuses, this Court requires an extraordinary showing before it will grant a stay of the decree below pending the application for a certiorari, and even after it has granted a certiorari, it requires a clear case and a decided balance of convenience before it will grant such stay.'
 
 
 17
 In United States v. Louisiana, 1960, 364 U.S. 500, 81 S.Ct. 260, 5 L.Ed.2d 245 the Supreme Court was requested to grant a stay of a three judge court decision which nullified a series of Louisiana laws aimed at maintaining a statewide policy of school segregation. In denying the request for a stay, pending appeal, the Supreme Court ruled, 'The scope of these enactments and the basis on which they were found in conflict with the Constitution of the United States are not matters of doubt.' Similarly, in Ennis v. Evans, 1960, 364 U.S. 802, 81 S.Ct. 27, 5 L.Ed.2d 36, the Supreme Court denied a stay of a decision by the Court of Appeals for the Third Circuit holding a grade a year plan of desegregation invalid in the State of Delaware. Evans v. Ennis, 1960, 3 Cir., 281 F.2d 385. On the same day, the Supreme Court denied a stay in a school segregation case from Houston, Texas, Houston Independent School District v. Ross, 1960, 364 U.S. 803, 81 S.Ct. 27, 5 L.Ed.2d 36, where a district court rejected the school board plan and entered an order embodying its own grade a year plan. Houston Independent School District v. Ross, 1960, 5 Cir., 282 F.2d 95. See also Orleans Parish School Board v. Bush and Davis v. Williams, 1960, 364 U.S. 803, 81 S.Ct. 28, 5 L.Ed.2d 36. In Lucy v. Adams, 1955, 350 U.S. 1, 76 S.Ct. 33, 100 L.Ed. 3, the Supreme Court vacated a stay granted by a District Court of its order directing the admission of the first two Negroes to the University of Alabama pending appeal to the Fifth Circuit. The court there held that where the rights are personal and present and where the stay issue is coextensive with that on the merits, the stay should be denied. See also, Cooper v. Aaron, 1958, 358 U.S. at 27, 78 S.Ct. 1397, 3 L.Ed.2d 1. The Supreme Court also refused to reverse the action of Chief Judge Tuttle of the Fifth Circuit when he vacated a stay granted by the District Court, pending appeal, in the University of Georgia case. Danner v. Holmes, 1961, 364 U.S. 939, 81 S.Ct. 686. In this case Judge Tuttle's order stressed the fact that it was unlikely that this Court would reverse the District Court's decision in a case in which there had been a trial on a motion for preliminary injunction and a final hearing on the merits where all the facts were aired in a lengthy trial and the judge made lengthy and careful findings of fact. See also, Hawkins v. Board of Control, 1958, 5 Cir., 253 F.2d 752, where this Court issued its mandate forthwith when the District Court delayed further adjudication of Hawkins' right to enter the University of Florida after nine years of litigation through the state court. In Tureaud v. Board of Supervisors of Louisiana State University, 1953, 346 U.S. 881, 74 S.Ct. 143, 98 L.Ed. 388, the Supreme Court stayed this Court's reversal of the District Court's injunction order ordering the admission of a Negro student to L.S.U. As a result of the Supreme Court's stay pending certiorari, the injunction order of the District Court was reinstated and the applicant was able to enter the University.
 
 
 18
 The defendants have an absolute right to apply for a writ of certiorari-- regardless of whether the mandate is stayed or issued. Denial of a stay is a minor inconvenience to the defendants. But to allow a stay would subject the successful litigant, Meredith, to the injustice of additional delays. Partly to avoid such a possibility, and to bring the case to a prompt ending after a full trial on the merits, this Court denied a preliminary injunction. Unfortunately, the wording of the mandate, 'that an injunction issue as prayed for in the complaint' was so loose as to defeat the intentions of Court. Accordingly, the mandate must be clarified by being recalled and amended.
 
 
 19
 There is no doubt as to the power of the court to recall its mandate. Thus, in Wichita Royalty Co. v. City Nat. Bank of Wichita Falls, 5 Cir., 1938, 97 F.2d 249, the Fifth Circuit held: '(The Court has the) power to recall the mandate and rehear the case, though too late under our rules regularly to do so.' The opinion was written by Judges Sibley, Holmes, and Mize. In that case the term at which judgment was rendered had not closed. It had not in this case. 'The power exists to recall the mandate and set aside the judgment even after the expiration of the term during which the judgment became final, but a court of appeals in the exercise of that power usually is guided by its own applicable rules, such as a requirement that good cause must be shown in order for a mandate to be recalled.' 14 Cyclopedia of Federal Procedure, 69.14. See Hines v. Royal Indemnity Co., 6 Cir., 253 F.2d 111. See also Judge Holmes's opinion for this Court in Sun Oil Co. v. Burford, 5 Cir., 1942, 130 F.2d 10.
 
 
 20
 It is now ordered forthwith that the mandate and judgment of this Court be recalled and amended by making explicit the meaning that was implicit in this Court's conclusions as expressed throughout its opinion in this cause, dated June 25, 1962. To this end, the order will now read as follows:
 
 
 21
 The case is reversed and remanded with directions to the District Court forthwith to grant all relief prayed for by the plaintiff and to issue forthwith a permanent injunction against each and all of the defendants-appellees, their servants, agents, employees, successors and assigns, and all persons acting in concert with them, as well as any and all persons having knowledge of the decree, enjoining and compelling each and all of them to admit the plaintiff-appellant, James H. Meredith, to the University of Mississippi under his applications heretofore filed, which are declared by us to be continuing applications. Such injunction shall in terms prevent and prohibit said defendants-appellees, or any of the classes of persons referred to from excluding the plaintiff-appellant from admission to continued attendance at the University of Mississippi. Pending such time as the District Court has issued and enforced the orders herein required and until such time as there has been full and actual compliance in good faith with each and all of said orders by the actual admission of plaintiff-appellant to, and the continued attendance thereafter at the University of Mississippi, this Court herewith issues its own preliminary injunction enjoining and compelling each and all of said parties to admit plaintiff-appellant to, and allow his continual attendance at the University of Mississippi, further prohibiting and preventing said parties or any of them from excluding said plaintiff-appellant from attendance to and comtinued attendance thereafter on the same basis as other students at the University of Mississippi.
 
 
 22
 Judge Cameron's stay order dated July 18 is forthwith vacated and set aside. The mandate in this cause is forthwith recalled and amended as set forth herein. This Court's preliminary injunction against the defendants-appellees is forthwith issued.
 
 
 23
 DeVANE, District Judge, concurs in the result.