**Lewis Arthur HIGHTOWER, a Minor Child, by his parents and next friends, Ted R. Hightower and Verna L. Hightower, Appellant,**

v.

**J. W. McFARLAND et al., Appellees.**

**No. 22510.**

United States Court of Appeals
Fifth Circuit.

Jan. 18, 1966.

Clarke Gable Ward, Houston, Tex., for appellant.

Joe H. Reynolds, Stanley B. Binion, Houston, Tex., Bracewell, Reynolds & Patterson, Houston, Tex., of counsel, for appellees.

Before HUTCHESON and JONES, Circuit Judges, and DYER, District Judge.

HUTCHESON, Circuit Judge:

This is an appeal from an order of dismissal for lack of jurisdiction. We conclude that the district court improperly determined it is without jurisdiction to consider this controversy, and, therefore, we reverse and remand.

Appellant Hightower, a Negro student in the Houston Independent School District, instituted this suit against the District to compel his admission to an all-white public high school located in his neighborhood. Hightower presently attends an all-Negro public high school located a substantially greater distance from his home than the all-white high school. A Scholastic Transfer Application required by the District was obtained and executed, seeking transfer to the all-white school on the ground that the travel resultant from assignment to the all-Negro school is costly, hazardous, inconvenient, and unnecessary in light of the proximity of the all-white school; this application was rejected. Hightower then brought suit under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3), asserting that he is entitled to attend the school nearest his residence; that he is unable to do so; and that his application for transfer was denied solely because of his race. The suit was not brought as a class action but only to enforce Hightower's individual rights. The District filed a motion to dismiss, noting that the segregation policies and practices of the District had been previously attacked and set aside in Houston Independent School District v. Ross.[1] *Ross* was a class action brought in behalf of the Negro plaintiffs therein and "in behalf of all other Negro minors who are similarly situated". It was argued below (and is again argued here) that the *Ross* complainants represented all Negro minors, including Hightower; that the rights asserted by Hightower in this suit were presented in *Ross*; that the judgment in *Ross* is final and binding on Hightower; and that therefore the district court is without jurisdiction of the present case. The district court agreed and ordered the complaint dismissed.

The narrow issue before us is whether the district court had and has jurisdiction to consider this case. Hightower asserts that he is being denied a personal right on the basis of his race or color; this raises for decision a federal constitutional question. Under 28 U.S.C. § 1343,

The [federal] district courts shall have original jurisdiction of any

---

1. 282 F.2d 95 (5th Cir. 1960), modified sub nom. Ross v. Dyer, 312 F.2d 191 (5th Cir. 1963).

civil action authorized by law[2] by any person:

\* \* \* \* \* \*

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States \* \* \*.

Clearly jurisdiction of Hightower's claim is vested in the district court by the provisions of this statute; the district court therefore is bound to exercise jurisdiction over the present case, and the court erred in refusing to do so. See Romero v. Weakley, 226 F.2d 399 (9th Cir. 1955); Bush v. Orleans Parish School Bd., 188 F.Supp. 916 (E.D.La.1960), aff'd 365 U. S. 569, 81 S.Ct. 754, 5 L.Ed.2d 806 (1961) (per curiam). We must therefore reverse the decision of the district court and remand the case for further and not inconsistent proceedings.

Reversed and remanded.

---

**2.** 42 U.S.C. § 1983 authorizes a civil action to redress "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws \* \* \*." See also 42 U.S.C. § 1981.