**Robert L. ACREE et al., Appellants,**

v.

**COUNTY BOARD OF EDUCATION OF RICHMOND COUNTY, GEORGIA et al., Appellees.**

No. 26369.

United States Court of Appeals
Fifth Circuit.

July 18, 1968.

John H. Ruffin, Jr., Augusta, Ga., Jack Greenberg, Charles Stephen Ralston, New York City, for appellants.

Franklin H. Pierce, Augusta, Ga., for appellees.

Before TUTTLE, GEWIN and GOLDBERG, Circuit Judges.

PER CURIAM:

This is an appeal from the denial by the trial court of a citation for contempt against the appellees alleging that they had wilfully violated the order of the trial court relating to the desegregation of the schools of Richmond County, Georgia, the trial court's order generally being that enunciated by this court in the case of United States v. Jefferson County Board of Education, 5 Cir., 372 F.2d 836, aff'd en banc, 5 Cir., 380 F.2d 385, or in the alternative a petition for injunction requiring that the Richmond County Board of Education put into effect an entirely new plan in light of recent Supreme Court decisions.

■ This court is not adequately equipped for the trial, decision and hearing of original suits for injunction, it being ordinarily a court without original jurisdiction. In extreme cases we have found it necessary to issue original injunction orders. See Meredith v. Fair, 5 Cir., 306 F.2d 374, and United States v. Lynd, 5 Cir., 301 F.2d 818. The court does not find this to be an appropriate case for the issuance of an original injunction because of the state of the record now before us, and especially in view of the requirements recently enunciated by the Supreme Court in Green et al. v. County School Board of New Kent County, Virginia, et al., 391 U.S. 430, 88 S.Ct. 1689, 20 L.Ed.2d 716 decided May 27, 1968, Monroe et al. v. Board of Commissioners of the City of Jackson, Tenn., et al., 391 U.S. 450, 88 S.Ct. 1700, 20 L. Ed.2d 733, decided May 27, 1968, and Raney et al. v. Board of Education of The Gould School District, et al., 391 U. S. 443, 88 S.Ct. 1697, 20 L.Ed.2d 727 decided May 27, 1968.

■ In denying the relief requested, however, we think it quite appropriate to point to the fact that on the undisputed statistics presented to us it is clear that, with respect to the Richmond County Board of Education, a plan of desegregating the schools, generally known as "the freedom of choice" plan, has not worked. It has not produced a unitary school system in which there are no longer Negro schools and white schools, generally known and recognized by all as such. Under these circumstances, it becomes the duty of the respondent Board, not only under the Supreme Court decisions above referred to, but under our Jefferson decree, to take additional important and effective steps. We refer particularly to the following language from the Supreme Court's decision in Green v. County School Board of New Kent County, Virginia, supra:

"The obligation of the district courts, as it always has been, is to assess the effectiveness of a proposed plan in achieving desegregation. There is no universal answer to complex problems of desegregation; there is obviously no one plan that will do the job in every case. The matter must be assessed in light of the circumstances present and the options available in each instance. It is incumbent upon the school board to establish that its proposed plan promises meaningful and immediate progress toward disestablishing state-imposed segregation. It is incumbent upon the district court to weigh that claim in light of the facts at hand *and in light of any alternatives which may be shown as feasible and more promising in their effectiveness.* Where the court finds the board to be acting in good faith *and the proposed plan to have real prospects for dismantling the state-imposed dual system 'at the earliest practicable date,'* then the plan may be said to provide effective relief. *Of course, where other, more promising courses of action are open to the board, that may indicate a lack of good faith; and at the least it places a heavy burden upon the board to explain its preference for an apparently less effective method."* (Emphasis added.)

Further, the Court said, in speaking of a freedom of choice plan:

"Where it offers real promise of aiding a desegregation program to effectuate conversion of a state-imposed dual system to a unitary, nonracial system there might be no objection to allowing such a device to prove itself in operation. *On the other hand, if there are reasonably available other ways, such for illustration as zoning, promising speedier and more effective conversion to a unitary, nonracial school system, 'freedom of choice' must be held unacceptable."* (Emphasis added).

It is to be noted that in the Green case, some fifteen percent of the Negro children had benefitted under the "freedom of choice" plan. Nevertheless, the Court said:

"The New Kent School Board's 'freedom-of-choice' plan cannot be accepted

as a sufficient step to 'effectuate a transition' to a unitary system."

It then required the Board to formulate a new plan "in light of other courses which appear open to the Board."

We think it not necessary to do more than call the attention of the respondent here to the extremely important obligation which is once more placed on the Board to assume its full responsibility to do all that is reasonably feasible, and *now*, to bring an end to the dual system of white and Negro schools in Richmond County. The trial court, of course, retains jurisdiction and we express the further strongly held conviction that any substantial allegation of failure of the Board to comply with the requirements now made plain to all, should be promptly heard and orders entered, which if objected to by either party may be reviewable to this court.