**UNITED STATES of America,**
**Appellant,**

**v.**

**Robert D. BLACK, Appellee.**

**No. 83–5077.**

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 2, 1983.

Decided May 3, 1984.

Sidney M. Glazer, Dept. of Justice, Washington, D.C. (Elsie L. Munsell, U.S. Atty., Alexandria, Va., Patty Merkamp Stemler, Dept. of Justice, Washington, D.C., on brief), for appellant.

David J. Fudala, Alexandria, Va. (John D. Grad, Hirschkop & Grad, P.C., Alexandria, Va., on brief), for appellee.

Before WINTER, Chief Judge, and PHILLIPS and ERVIN, Circuit Judges.

ERVIN, Circuit Judge:

The issue presented in this appeal is whether a motion for rehearing *en banc* filed after the time authorized by Fed.R. App.P. 35(c) and 40(a) is a "proceeding concerning the defendant ... under advisement by the court"[1] for the purpose of tolling the Speedy Trial Act. The district court held that the twenty-seven days we considered the government's untimely motion for rehearing *en banc* did not toll the seventy day retrial provision of the Act.[2] We reverse.

## I.

Robert Black was convicted of armed assault on a correctional officer at Lorton Reformatory in Lorton, Virginia. On September 28, 1982, 692 F.2d 314, we reversed the district court because the jury was erroneously instructed on the law of self defense. Subsequently, the Solicitor General concluded that traditional principles of self defense should not apply to a confrontation between a disobedient inmate and a prison guard. Therefore, the Solicitor General requested the government to seek an extension of time for filing a petition for rehearing before the original panel. After we granted the extension, the government filed for rehearing before the panel.[3] A divided panel denied the rehearing petition on December 8, 1982, and our mandate issued on December 15, 1982.[4] The Solicitor General then authorized the filing of an *en banc* petition. On January 12, 1983, the government requested permission to file an untimely petition for rehearing *en banc*, which also requested recall of the mandate. We considered the petition for twenty-seven days before denying it on February 8, 1983.

On March 3, 1983, Black moved to dismiss the indictment in the district court. Black contended that the government had violated § 3161(e) of the Act because more than seventy days had elapsed since December 15, 1982, when this court's mandate had issued. Section 3161(e) of the Act provides that a defendant's retrial following an appeal "shall commence within seventy days from the date the action occasioning the retrial becomes final." Reasoning that the issuance of our mandate was the "action occasioning retrial" that triggered the

---

**1.** 18 U.S.C. § 3161(h)(1)(J). This provision states:

§ 3161. Time limits and exclusion

(h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:

(1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—

(J) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.

**2.** 18 U.S.C. § 3161(e) of the Act provides in part:

§ 3161. Time limits and exclusions

(e) If the defendant is to be tried again following an appeal ... the trial shall commence within seventy days from the date the action occasioning the retrial becomes final .... The periods of delay enumerated in section 3161(h) are excluded in computing the time limitations specified in this section.

**3.** 28 C.F.R. 0.20(b) (1982) requires the government to seek authorization from the Solicitor General before filing a motion for rehearing *en banc*. Although the Department of Justice drafted a formal request to the Solicitor General for authorization to petition for rehearing and for rehearing *en banc*, the Solicitor General determined that a motion for rehearing *en banc* would be inappropriate because the original panel must hear oral argument on an issue before it is raised in an *en banc* rehearing.

**4.** Fed.R.App.P. 41(a) provides in part:

A certified copy of the judgment and a copy of the opinion of the court, if any, and any direction as to costs shall constitute the mandate, unless the court directs that a formal mandate issue. The timely filing of a petition for rehearing will stay the mandate until disposition of the petition unless otherwise ordered by the court. If the petition is denied, the mandate shall issue 7 days after the entry of the order denying the petition unless the time is shortened or enlarged by order.

Act's time limits, the district court agreed with Black's contention. The district court ruled that the twenty-seven days during which the *en banc* motion was pending should not be excluded under § 3161(h)(1)(J) from the seventy day limit, as the government argued, because the motion did not involve a "proceeding concerning the defendant ... under advisement by the court." [5] According to the lower court, jurisdiction revested in it once our mandate issued; and therefore, a stay of the proceedings or a recall of the mandate was necessary to toll the Act for the twenty-seven days we held the government's motion under advisement. Although the lower court found that all acts of the government had been made in good faith, it dismissed Black's indictment with prejudice.

## II.

When drafting the Speedy Trial Act, Congress recognized that in processing criminal cases a mechanical adherence to time limits would not serve the interests of the defendant, the government, the courts, or society.[6] Indeed, Congress considered flexibility necessary for the administration of the Act. *See* H.R.Rep. No. 1508 at 7402–08. A. Partridge, *Legislative History of Title I of Speedy Trial Act of 1974* 94 (Fed. Judicial Center 1980). Congress, therefore, provided exemptions in § 3161(h)(1) to toll the seventy day period. The 1979 amendments to the Act also indicate a desire to eliminate an unduly restrictive interpretation of excludable periods and to increase the Act's flexibility. *See* H.R.Rep. No. 390, 96th Cong., 1st Sess. 2–12, *reprinted in* 1979 U.S.CODE CONG. & AD.NEWS 805, 806–16. Excludable periods in § 3161(h)(1) cover both trial and appellate proceedings. *See United States v. Saintil*, 705 F.2d 415, 417 (11th Cir.1983). Under the exception in

§ 3161(h)(1)(J), the court must stay the seventy day period for up to thirty days when "any proceeding concerning the defendant is actually under advisement by the court."

■ The district court found the § 3161(h)(1)(J) exception inapplicable on the ground that the government's motion was untimely. Because the motion was made after our mandate issued, the district court found that jurisdiction revested in it and that recall of our mandate was necessary to toll the Act. Under Fed.R.App.P. 41(a), a timely filing of a petition for rehearing stays the mandate until disposition of the petition. However, no reacquisition of appellate jurisdiction is needed to deny a petition for rehearing filed after the mandate has issued. *United States v. DiLapi*, 651 F.2d 140, 144 n. 2 (2d Cir.1981), *cert. denied*, 455 U.S. 938, 102 S.Ct. 1428, 71 L.Ed.2d 648 (1982). Although this court did not explicitly recall or stay the mandate, we had inherent power to do so. *See Sparks v. Duval County Ranch Co.*, 604 F.2d 976, 979 (5th Cir.1979), *cert. denied*, 445 U.S. 943, 100 S.Ct. 1339, 63 L.Ed.2d 777 (1980). Had we granted the government's petition, we would have recalled the mandate. *Cf. United States v. Dunn*, 706 F.2d 153, 155 (5th Cir.1983) ("the purposes of the Speedy Trial Act make clear that ... it was not necessary to recall the mandate" during the period the government's petition for certiorari was pending before the Supreme Court).

■ If we had granted the government's motion instead of denying it, no grounds would have existed for alleging a violation of the Act. We believe that dismissal of a criminal defendant's indictment should not depend on whether we deny or grant an untimely motion for rehearing *en banc*. Consequently, we are of the opinion that

**5.** Excluding the 27 day period, only 51 days had elapsed from the issuance of the mandate to the date of Black's motion to dismiss.

**6.** The House Judiciary Committee stated "that both delay and haste in the processing of criminal cases must be avoided; neither of these tactics inures to the benefit of the defendant, the Government, the courts nor society. The word

speedy does not, in the Committee's view, denote assembly-line justice, but efficiency in the processing of cases which is commensurate with due process." H.R.Rep. No. 1508, 93rd Cong., 2d Sess. 15, *reprinted in* 1974 U.S.CODE CONG. & AD.NEWS 7401, 7408 (hereinafter cited as H.R.Rep. No. 1508).

§ 3161(h)(1)(J) authorizes up to a thirty day exclusion for the time that an appellate court holds a motion for rehearing *en banc* under advisement, even though the motion was not timely filed.[7] Therefore, we hold that the government's motion was a "proceeding concerning the defendant ... under advisement by the court" that tolled the seventy day retrial period.

### III.

For the foregoing reasons, the judgment of the district court is

REVERSED.

HARRISON L. WINTER, Chief Judge, dissenting:

In my view, there was in this case a clear violation of the Speedy Trial Act. I think that the district court was required to dismiss the indictment, and I do not think that it abused its discretion in dismissing with prejudice.

From the majority's contrary conclusions, I respectfully dissent.

### I.

The majority opinion recites the operative sequence of events. I would add only that after the panel decision, the government sought and obtained an extension of time to file a petition for rehearing *with a suggestion for rehearing in banc.* The extension was granted, but on the next to the last day of extended period, the government filed only a simple petition for rehearing. We are told now that this was done out of courtesy to the panel because the government was advancing a contention to justify rehearing which had neither been briefed nor argued when the case was first heard.[1]

---

**7.** We disagree with the dissent's interpretation of "proceeding" as meaning only a "proceeding timely instituted." This interpretation reads in a restriction that is contrary to the broad unqualified literal language of § 3161(h)(1)(J).

**1.** Because of a supposed expression of skepticism on my part during oral argument regarding the candor of the government's explanation of its decision to fragment its request for rehearing and its suggestion for rehearing in banc, the Solicitor General wrote to the Clerk and, in accordance with the former's request, his letter was referred to the panel. The explanation proffered by the Solicitor General was that the government wished the panel to consider an argument not advanced in the original appeal and thus thought that it should await the panel's response before suggesting rehearing in banc on the issues decided by the panel as well as on the new argument belatedly formulated by the government.

I accept the explanation and any doubt that I may have had regarding the candor of the government's explanation is dispelled. I am bound to add, however, that I think the explanation indicates a lack of critical insight regarding the government's responsibilities before the courts of appeals. Fortunately, the Solicitor General represents that the practice "not to authorize the filing of a petition for rehearing en banc for the purpose of advancing an argument neither made to the panel nor considered in its opinion" is not universal; he states that there "are of course occasional exceptions to this practice." The decision to fragment and to file out of time scorns the Federal Rules of Appellate Procedure and it fails to accommodate to what is the prevailing practice in our court and, I suspect, other courts of appeals.

Rule 35 which in part (b) permits a party to suggest the appropriateness of rehearing in banc, is quite specific in requiring that "[a] suggestion for a rehearing in banc must be made within the time prescribed by Rule 40 for filing a petition for rehearing, whether the suggestion is made in such petition or otherwise." Fed.R.App.P. 35(c). Rule 40(a) fixes the time for filing a petition for rehearing as "within 14 days after entry of judgment unless the time is shortened or enlarged by order or by local rule."

In addition to these strictures of Rules 35 and 40, Rule 35(a) and (b) provide that rehearing in banc is not favored, will be granted only to maintain uniformity of decisions or to decide questions of exceptional importance, must be voted by a majority of circuit judges in regular active service, and that a suggestion for rehearing in banc will not even be subject to a vote unless a judge, eligible to vote or a member of the panel deciding the case initially, requests a poll. From all of this it should be readily inferred that judges who seek to comply with the provisions of Rule 35 would not rush to rehearing in banc where there is any possibility of rehearing by the panel, especially if the ground for rehearing is an argument belatedly fashioned by the losing party and one not previously considered by the panel.

It is thus unnecessary for the Solicitor General to bifurcate his post decision motions for reconsideration. He can be assured that if he complies with Rules 35 and 40 he will not diminish his chances either to obtain panel con-

When rehearing was denied and the mandate issued, the government remained silent for over thirty days. It did not move to stay issuance of the mandate; it did not seek a further extension of time in which to file a petition for rehearing with a suggestion for rehearing in banc. During the period of the government's inaction, both the defendant and the district court made a concerted effort to fix a date for retrial. The district court and defendant were met with silence and evasion prior to the time that the government belatedly filed a petition for rehearing with a suggestion for rehearing in banc accompanied by a motion for leave to file it out of time. While we denied the government's motion for leave to file its petition for rehearing out of time on the fifty-fifth day of the seventy day trial period prescribed by the Speedy Trial Act, the government would still not respond to defendant's request for a trial date. Defendant, upon the expiration of the seventy day period, moved to dismiss the indictment with prejudice and the district court granted his motion.

## II.

In holding that the district court erred in dismissing the indictment, the majority accepts the government's argument that the period in which the Government's gratuitous and unauthorized petition for rehearing with a suggestion for rehearing in banc was pending before us (January 12, 1983 to February 8, 1983) should be excluded in computing the seventy day period for retrial prescribed by the Act. If this period is excluded, I agree that the district court prematurely dismissed the indictment. But in my view a construction of the Act permitting the exclusion is one that stands the Act on its head.

The Act permits the exclusion of "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court" in

sideration of a new argument or in banc consideration of new or original issues rejected or

computing whether the seventy day period is exceeded. 18 U.S.C. § 3161(h)(1)(J). It seems to me that as a matter of statutory construction the "proceeding concerning the defendant ... actually under advisement" must be one that is authorized by law. As I have shown in the text as well as in n. 1, the government's belated attempt to obtain rehearing in banc was neither authorized by the rules nor by us. Indeed it was in violation of the rules. Moreover, as a technical matter there was no "proceeding concerning the defendant" before us. Our mandate had issued well before leave to file the new petition for rehearing with a suggestion for rehearing in banc was filed. Thus we had lost jurisdiction of the case. *See United States v. DiLapi,* 651 F.2d 140, 144 (2 Cir.1981), *cert. denied,* 455 U.S. 938, 102 S.Ct. 1428, 71 L.Ed.2d 648 (1982); *see also, Alphin v. Henson,* 552 F.2d 1033 (4 Cir.), *cert. denied,* 434 U.S. 823, 98 S.Ct. 67, 54 L.Ed.2d 80 (1977). We could only reacquire jurisdiction by recalling the mandate. *See Meredith v. Fair,* 306 F.2d 374, 376 (5 Cir. 1962). Unless and until that was done, we could take no action with respect to the defendant. The government's motion was thus a nullity with respect to the exclusion of time provided by § 3161(h)(1)(J).

Merely that we could have reacquired jurisdiction to entertain the petition had we recalled the mandate should make no difference. The fact is that we did not. It seems to me that when the government, for reasons however mistaken, concludes to proceed outside of the requirements of the Federal Rules of Appellate Procedure, it must suffer the consequences of its own aberrant behavior. By enacting the Speedy Trial Act, Congress has guaranteed certain rights to an accused, one of which is the right to be retried within seventy days unless proper proceedings delaying retrial are pending. It ill behooves the government or this court to subvert this clear expression of legislative intent.

decided adversely to the government by a panel.

### III.

Since I am firm in my conclusion that the district court correctly dismissed the indictment in this case, I must face the question of whether the district court correctly dismissed the indictment with prejudice. I recognize that defendant is charged with a serious crime. He is, however, serving another sentence, and the delay in this trial is so entirely attributable to the government, which failed to fulfill its responsibilities notwithstanding the demands of the defendant that he be given his rights and the efforts of the district court to assure compliance with the law, that I can only conclude that dismissal with prejudice was entirely within the district court's discretion.

I would affirm the judgment of the district court.