**UNITED STATES of America**

v.

**Dean K. FELTON, Nancy E. Bruce, John Zorak a/k/a Johnny, Anthony Serrao a/k/a Buddy, Richard Cox a/k/a Ricky, James Thurman, John Hathorne.**

**Crim. No. 83–49.**

United States District Court,
W.D. Pennsylvania.

May 10, 1985.

Jeffrey Manning, Linda Kelly, Asst. U.S. Attys. W.D.Pa., Pittsburgh, Pa., for plaintiff.

W. Thomas McGough, Jr., Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for Felton.

Kim Wm. Riester, Pittsburgh, Pa., for Bruce.

Patrick J. Thomassey, Monroeville, Pa., for Serrao.

Stephen M. Sokol, Pittsburgh, Pa., for Cox.

OPINION

DIAMOND, District Judge.

Various pretrial motions filed by the defendants in the above-captioned matter

were denied by this court by order dated April 1, 1985. The following constitutes the reasons for their denial.

### Speedy Trial Act

Defendant Felton has filed a renewed motion to dismiss Counts I and II, a motion to dismiss Counts III through X and a motion to dismiss indictment. Defendant Bruce has filed a motion to adopt the Speedy Trial Act motion of her co-defendants, and defendant Serrao has filed a motion to dismiss Count VIII of the indictment based upon the Speedy Trial Act, 18 U.S.C. § 3161 et seq.

In *United States v. Felton*, 592 F.Supp. 172 (W.D.Pa.1984), this court found that Counts I and II of the present indictment were counts that were required to be joined with those of the indictment at Criminal 79–121. The court relying on *United States v. Budzyna*, 666 F.2d 666 (1st Cir. 1981), concluded that the non-sanction and time-limit provisions of the Act which applied when the indictment at Criminal 79–121 was returned in June of 1979 control the present case, and that, therefore, no sanctions were applicable. 18 U.S.C. § 3163(c), § 3174(c). Assuming *arguendo* that the time which expired under the Speedy Trial Act at Criminal 83–49 had to be "tacked" onto the time which had already expired at Criminal 79–121, the court then made findings with respect to the time which had expired at Criminal 79–121.[1] The court concluded that forty-eight days had to be deducted from the seventy days within which trial had to commence under the present indictment.

In this court's Speedy Trial Act calculations for the indictment at Criminal 79–121, we calculated an exclusion pursuant to 18 U.S.C. § 3161(h)(1)(E) based upon the interlocutory appeal of January 15, 1980, as ending on December 17, 1980, the date that the certified copy of the judgment of the Court of Appeals was *received* and filed by

our Clerk of Court, rather than on December 16, 1980, the date that the judgment was *issued* by the Court of Appeals. [All further references are to subsections of 18 U.S.C. § 3161.]

In *United States v. Rush*, 738 F.2d 497 (1st Cir.1984), *cert. denied,* — U.S. —, 105 S.Ct. 1355, 84 L.Ed.2d 378 (1985), the First Circuit held that the excludable time under (h)(1)(E) ended on the date that the Appellate Court issued its mandate and not on the date that the mandate was received by the district court. *Cf., United States v. Ross*, 654 F.2d 612 (9th Cir.1981), *cert. denied,* 455 U.S. 926, 102 S.Ct. 1290, 71 L.Ed.2d 470 (1982); but *cf., United States v. Gilliss*, 645 F.2d 1269 (8th Cir.1981). In *United States v. Russo*, 550 F.Supp. 1315, 1319 (D.N.J.1982), *aff'd,* 722 F.2d 736 (3d Cir.1983), *cert. denied,* — U.S. —, 104 S.Ct. 716, 79 L.Ed.2d 179 (1984), the district court held that the date on which the action occasioning retrial became final under § 3161(e) was the date of the issuance of the Circuit Court's judgment and not the date that the judgment was received by the district court. *Id.* at 1319. While this holding pertained to § 3161(e), we believe it applies as well to § 3161(h)(1)(E); therefore, we now hold that one additional day elapsed at Criminal 79–121 as a result of the issuance of the judgment by the Court of Appeals on December 16, 1980.

In *United States v. Felton* we had found that the "338 days between January 15, 1980, and December 17, 1980, when a certified copy of the judgment order was received from the Court of Appeals and filed by our Clerk of Court [were] excludable under (h)(1)(E)." 592 F.Supp. at 183.

We believe that finding must be modified somewhat. The Circuit had originally issued its judgment in lieu of mandate in that interlocutory appeal on October 24, 1980. However, on October 27, 1980, the government filed a motion in the Circuit to

---

1. We deny defendant Felton's request that the time consumed during the prosecution by the Commonwealth of Pennsylvania arising out of the seizure at the Kutz Industrial Park be "tacked" on to the present Speedy Trial Act computations. Felton has offered no statutory or case law support for the proposition.

stay or recall the mandate. The motion was granted on October 31, 1980, and the case remained in the Circuit on the interlocutory appeal until the judgment was reissued on December 16, 1980, as stated above.

Since three days elapsed between the initial issuance of the judgment on October 24, 1980, and the filing of the government's motion on October 27, 1980, we also will add those three days to the elapsed time at Criminal 79–121. *United States v. Black,* 733 F.2d 349 (4th Cir.1984). Accordingly, we now find that as a result of the appeal of January 15, 1980, at Criminal 79–121, 334 days are excludable under § 3161(h)(1)(E).

We conclude from the foregoing that fifty-two days at Criminal 79–121 must be deducted from the seventy days within which trial may commence under the present indictment.

A review of the file and docket entries at Criminal 83–49 reflects the following matters relevant to the computation of the Speedy Trial Act times for the commencement of that trial.

Initially, the fifty-two days at Criminal 79–121 had to be deducted. This left eighteen days for commencement of trial.

The indictment at Criminal 83–49 was returned on March 31, 1983, and ordered sealed. Bench warrants were issued for the apprehension of the defendants, and, with the exception of the defendant Cox, all defendants appeared and were arraigned on various dates up to and including May 20, 1983.

Subsequent to defendant Felton's arraignment, his retained counsel was permitted to withdraw. Defendant Felton then filed a *pro se* motion to extend the time for filing pretrial motions due to lack of counsel. Appointment of counsel for Felton under the Criminal Justice Act was made on April 21, 1983, and appointed counsel promptly moved for a further enlargement of time to file pretrial motions. The court granted the motion to extend time, and, pursuant to 18 U.S.C. § 3161(h)(8)(A) and (B), made appropriate findings and a determination with respect to excludable delay. A similar extension was granted to defendant Hathorne on June 14, 1983.

The defendants and the government then proceeded to file motions and responses up to and including July 13, 1983, and a hearing on all pending motions was held on July 14, 15 and 28, 1983.

At this point there were several periods of excludable delay which applied to defendant Felton as well as his co-defendants. *See United States v. Novak,* 715 F.2d 810 (3d Cir.1983).

A) The period of March 31, 1983, to April 8, 1983, the time from filing and making public the indictment, is excludable under (c)(1).

B) The period of April 18, 1983, through July 28, 1983, is excludable under (h)(1)(F), covering delays from the filing of pretrial motions until disposition.

C) The period commencing April 1, 1983, when multiple defendants are awaiting trial and no motion for severance has been granted, (h)(7).

D) Extensions to file pretrial motions, (h)(8)(A) and (B).

E) The delays resulting from proceedings involving a defendant, (h)(1).

At the conclusion of the hearing in July, 1983, briefs and a transcript were ordered. Since the briefs and transcript were received by August 26, 1983, the period of July 29, 1983, through August 26, 1983, is excludable under (h)(1)(F) and (h)(7).

In *Novak,* the court refused to fix a time limit of thirty days within which to hold pretrial motions under advisement, and, thus, as of August 26, 1983, disposition of pending motions was subject to the reasonableness criterion. *Id.* at 820. However, during the hearings on motions pending as of July 13, 1983, and thereafter, some defendants continued to file new and amended pretrial motions. As a result, the court determined that an additional hearing would be required with respect to some of the previously pending motions as well as

the post-hearing motions, and, therefore, excludable delay from July 13, 1983, through November 2, 1983, continued to accrue under (h)(7) and (h)(1)(F).

On November 3, 1983, the court by order made findings that an additional hearing was necessary with respect to some pre-July 13, 1983, motions and entered an order as to all motions as provided for in (h)(8)(A) and (B), which order held that the time from filing of pretrial motions until their ultimate disposition was to be excluded.

In the November 3, 1983, order the court made a further observation that a period of excludable delay in fact had begun on April 1, 1983, under (h)(3)(A) as to defendant Cox who was in a fugitive status, which applied to all co-defendants under (h)(7), since no motions for severance had been filed or granted.

From November, 1983, through March, 1984, defendant Felton continued to file pretrial motions and responses.

Defendant Cox was apprehended and appeared in this district with counsel on March 21, 1984. This ended the "fugitive status" exclusion under (h)(7), however, the (h)(7) exclusion continued as to all other defendants since defendant Cox could not be forced to trial before thirty days from his first appearance on March 21, 1984, as provided for in (c)(2). In addition, the period from March 21, 1984, through April 10, 1984, is excludable under (h)(7) as to defendant Cox, since there were further pretrial motions pending which had been filed by the co-defendants prior to and after Cox's apprehension.

On March 21, 1984, the supplemental hearing on pretrial motions was held and the transcript filed April 6, 1984. Defendant Cox filed his pretrial motions on April 10 and 17, 1984, which continued the (h)(7) exclusion for his co-defendants and a (h)(1)(F) exclusion as to Cox until disposition of the motions on on May 18, 1984.

A hearing on the status of this case was held April 20, 1984, and the case listed for trial to commence May 4, 1984, at 9:00 A.M. Defendant Hathorne filed an interlocutory appeal on April 25, 1984, commencing a (h)(1)(E) exclusion for that defendant, and continuing the (h)(7) exclusion as to the co-defendants. The government filed its interlocutory appeal on June 14, 1984, and that triggered an additional (h)(1)(E) exclusion. The trial was continued pending the appeals.

The majority of the pretrial motions, some of which were filed as late as April 30, 1984, were disposed of by this court on May 18, 1984.

The three major Speedy Trial Act exclusions in this case are:

1) The fugitive status of defendant Cox and his unavailability for trial from April 1, 1983, through April 20, 1984, (h)(7).

2) The period from filing of pretrial motions which commenced on April 18, 1983 until disposition as extended by the court in the November 3, 1983, order (h)(1)(F) and (h)(8)(A), (B).

3) The interlocutory appeals filed April 24, 1984, and June 14, 1984, until issuance of the judgment of the Court of Appeals.

Other concurrent or overlapping periods of excludable delay cover such periods as the sealing and making public of the indictment, the time between indictment and first appearance of all defendants, excluding Cox, and various extensions to defendants to file pretrial motions.

From the above, the court has determined that no time chargeable under the Speedy Trial Act has elapsed at Criminal 83–49 other than that which is "tacked" to Criminal 83–49 from Criminal 79–121. Speedy trial time ran from March 12, 1985, until March 18, 1985, a period of seven days, and stopped on March 19, 1985, when defendant Felton filed a motion to dismiss. A status conference and hearing on pending motions were held on March 25, 1985, and Felton's motion to dismiss was denied on April 1, 1985. Jury selection commenced on the same date. Subsequent to the issuance of the judgment on March 12, 1985, therefore, a (h)(1)(F) exclusion applied to defendant Felton, and a (h)(7) exclusion

applied to the co-defendants, from March 19, 1985, through April 1, 1985. In addition, March 25, 1985, the hearing date, is excludable under (h)(1).

For the reasons stated in our opinion of May 18, 1984, and in the foregoing, the court concludes that with respect to defendant Felton at Criminal 79–121 and 83–49 a total of fifty-nine days elapsed under the Speedy Trial Act prior to April 1, 1985, fifty-two at Criminal 79–121 and seven at Criminal 83–49.

■ In any event, we believe that a reasonable period of delay is excludable when a defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted. § 3161(h)(7), *United States v. Novak*, 715 F.2d 810 (3d Cir.1983). On the date that the jury was selected, April 1, 1985, only seven days had run under the Speedy Trial Act as to defendant Cox. On April 1, 1985, sixty-three days remained before time would have expired under the Speedy Trial Act as to defendant Cox, a reasonable period of which could have been excludable for the co-defendants under (h)(7).

Accordingly, we find that the defendants' rights under the Speedy Trial Act have not been violated. Furthermore, for the reasons indicated in our opinion in the above captioned matter dated May 18, 1984, we find that the defendants' constitutional rights to a speedy trial have not been violated.

### *Motion for Severance*

Nancy Bruce filed a motion for reconsideration of her previous motion for a severance. As to the grounds which already have been considered and rejected in our opinion of May 18, 1984, we adhere to the ruling. In addition, however, she states in paragraphs 4 and 5 of her motion:

4. That in addition to the reasons set forth in the previous motion, the Defendant submits that certain tape recorded conversations have been ruled to be admissible as to some Defendants, but that the introduction of same will result in violation of certain constitutional rights of other Co-Defendants. However, Defendant submits that this evidence is admissible as to her notwithstanding any rulings on the admissibility of same.

5. It is the Defendant's position that she is entitled to introduce exculpatory evidence and that the government nor other Co-Defendants, cannot, preclude the introduction of same without having their constitutional rights violated. (sic)

■ Prior to trial and in a pretrial conference, Dean Felton expressly waived any right he had to have the tapes in question suppressed. Because no other defendant had the right to have the tapes suppressed, severance was not necessary in order to permit defendant Bruce to introduce the tapes in her own defense. Accordingly, we found that the defendant Bruce asserted no grounds sufficient to justify severance in the present case.

The foregoing states the reasons why the above motions were denied.