**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos.  14-50291 |
| | 14-50293 |
| Plaintiff - Appellee, | |
| | D.C. Nos. 2:14-cr-00047-ABC |
| v. | 2:08-cr-01343-ABC |
| FRANK ERNEST CUTLER, a.k.a. Sidney Cutler, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, District Judge, Presiding

Submitted July 21, 2015**

Before:     CANBY, BEA, and MURGUIA, Circuit Judges.

In these consolidated appeals, Frank Ernest Cutler appeals from the district

court's judgments and challenges the 57-month sentence imposed following his

guilty-plea conviction for wire fraud and aiding and abetting, in violation of 18

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. §§ 2(a) and 1343, and the 24-month consecutive sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Cutler contends that the district court erred by applying an adjustment pursuant to U.S.S.G. § 2B1.1(b)(9)(A). Given Cutler's admission in his plea agreement that he told investors his media company was designed to "help humanity" and that proceeds from the sale of stock would be used to fund philanthropic projects, the court did not abuse its discretion in applying the enhancement. *See United States v. Treadwell*, 593 F.3d 990, 1008 (9th Cir. 2010).

Cutler next contends that the 57-month sentence is substantively unreasonable because the district court varied upward based on factors already accounted for by the Guidelines range. He further argues that the sentences should not have been ordered to run consecutively because they are predicated on the same conduct, and that the 81-month aggregate sentence is substantively unreasonable in light of his age, his health problems, and the allegedly small loss amount. We disagree. The court did not err by varying upward based upon its determination that the Guidelines range did not adequately account for the egregiousness of Cutler's conduct or criminal history. *See United States v. Christensen*, 732 F.3d 1094, 1100-01 (9th Cir. 2013) (court may vary upward

based on factors already incorporated into the Guidelines calculations). Moreover, the Guidelines contemplate that revocation sentences are to run consecutively to any other sentence of imprisonment, *see* U.S.S.G. § 7B1.3(f), and the sentences are substantively reasonable in light of the applicable sentencing factors and the totality of the circumstances, including Cutler's extensive criminal history, his failure to be deterred by prior sentences, and the need for protection of the public. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Simtob*, 485 F.3d 1058, 1063 (9th Cir. 2007) (when a defendant violates supervised release by committing the same offense for which he was placed on supervised release, "greater sanctions may be required to deter future criminal activity").

Finally, Cutler contends that the district court erred by overruling his objection to the presentence report on the ground that it incorrectly stated the date of his arrest for the new criminal case. Contrary to his contention, the record reflects that Cutler was arrested in the new case on January 27, 2014. The Bureau of Prisons, not the sentencing court, is responsible for calculating credit for time served. *See United States v. Lualemaga*, 280 F.3d 1260, 1265 (9th Cir. 2002).

**AFFIRMED.**