# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-31073

United States Court of Appeals
Fifth Circuit

**FILED**
August 31, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

DARANSKI M. WYNDER,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:15-CR-112-1

Before KING, SMITH, and COSTA, Circuit Judges.

PER CURIAM:[*]

Daranski Wynder pleaded guilty of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  At

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-31073

sentencing, the district judge found Wynder's demeanor disrespectful and, after announcing the sentence, summarily imposed an additional sixty days' imprisonment for contempt, stating,

> I know you're smiling, I know you think it's just real funny, but it's not. And your continued disrespect, smiling and grinning the way that you have been in this court that I've observed, just cost you an additional 60 days, to run consecutive to [your felon-in-possession] sentence of 105 [months].

The court also "note[d] that [Wynder] will not be given credit for time served."

Wynder raises two issues on appeal. First, he claims the district court was without authority to deny him credit for time served. Second, he maintains that the court erred in summarily holding him in direct contempt. The government confesses error as to both issues.

## I.

We review *de novo* the denial of credit for time served, because it implicates the district court's jurisdiction,[1] Under 18 U.S.C. § 3585(b)(1), a defendant "shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . as a result of the offense for which the sentence was imposed." Although the statute does not explicitly say who is responsible for calculating the credit, controlling precedent indicates that it is the Attorney General acting through the Bureau of Prisons.[2] District courts lack the jurisdiction to compute prior-custody credit at sentencing.[3]

---

[1] *United States v. Binion*, 981 F.2d 1256, 1992 WL 386836, at *1 (5th Cir. 1992) (per curiam); *see also United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir. 1994); *United States v. Brann*, 990 F.2d 98, 104 (3d Cir. 1993); *United States v. Westmoreland*, 974 F.2d 736, 737 (6th Cir. 1992); *United States v. Checchini*, 967 F.2d 348, 350 (9th Cir. 1992).

[2] *United States v. Wilson*, 503 U.S. 329, 334–35 (1992); *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003) (per curiam).

[3] *Wilson*, 503 U.S. at 334.

No. 15-31073

The district court erred in making any determination regarding Wynder's eligibility for prior-custody credit. We therefore reform the judgment of sentence by removing the following language: "The defendant shall receive no credit for time served."

## II.

Because Wynder did not contemporaneously object to the summary finding of direct contempt and imposition of additional imprisonment, our review is for plain error only. "To prevail on plain error review, a defendant must show that an error occurred, that the error was clear or obvious, and that the error affected his substantial rights." *United States v. Walker*, 742 F.3d 614, 616 (5th Cir. 2014). Even then, "the decision to correct the forfeited error is within the court's sound discretion, which will not be exercised unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

The court summarily found Wynder in contempt without giving him notice or an opportunity to be heard. That was plain error. A federal court may punish "[m]isbehavior of any person in its presence or so near thereto as to obstruct the administration of justice." 18 U.S.C. § 401(1). The court may proceed in a summary fashion if the person punished "commits criminal contempt in its presence" and "the judge saw or heard the contemptuous conduct and so certifies . . . ." FED. R. CRIM. P. 42(b). Nevertheless, even when proceeding summarily, "notice and at least a brief opportunity to be heard should be afforded as a matter of course." *United States v. Brannon*, 546 F.2d 1242, 1249 (5th Cir. 1977). Before summarily punishing a person for direct contempt, the court must "explicitly warn[]" him and "afford[] him the right of allocution." *Id.*

The court erred in failing to warn Wynder of the consequences of his

No. 15-31073

continued actions and in not providing him with the opportunity to justify his behavior. The error was clear or obvious because, under the law of this circuit, it is not "subject to reasonable dispute" that a court may not summarily find direct contempt without notice and an opportunity to speak.[4] The error affected Wynder's substantial rights, given that there is a reasonable probability the error "affected the outcome of the district court proceedings."[5] Finally, given the government's concession of plain error, we find it appropriate to exercise our discretion to vacate the contempt and the associated sentence of an additional 60 consecutive days.

The judgment is AMENDED by deleting the last two sentences of the paragraph setting out the term of imprisonment, with the result that the total term of imprisonment is 105 months. The judgment is otherwise AFFIRMED.

---

[4] *Puckett v. United States*, 556 U.S. 129, 135 (2009) (quoting *United States v. Olano*, 507 pU.S. 725, 734 (1993)).

[5] *Id.* (quoting *Olano*, 507 U.S. at 734).